NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

MAY 2 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREW J.J. WOLF,

       Plaintiff - Appellant,

v.

ROBIN SANDY; et al.,

       Defendants - Appellees.

No. 14-36041

D.C. No. 1:14-cv-00152-CWD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding[**]

Submitted April 26, 2016[***]

Before:    McKEOWN, WARDLAW, and PAEZ, Circuit Judges.

Andrew J.J. Wolf, an Idaho state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    Wolf consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291.   We review de novo a dismissal under 28 U.S.C. § 1915A.   *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).   We affirm.

The district court properly dismissed Wolf's action because Wolf failed to allege facts sufficient to state a plausible claim for relief.   *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (a private entity is liable under § 1983 only if a constitutional violation was caused by an official policy or custom); *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she is personally involved in the constitutional deprivation or there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation" (citation and internal quotation marks omitted)); *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion by denying Wolf leave to amend because amendment would have been futile.   *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile).

The district court did not abuse its discretion by denying Wolf's motion to

14-36041

alter, amend, vacate or reconsider the final judgment because Wolf failed to establish grounds for such relief.   *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59(e) and 60(b)).

**AFFIRMED.**

14-36041